UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JIMISHA PATEL, DHARMESHKUMAR
PATEL, RUDRA PATEL, RAJVI PATEL,

       Plaintiffs,

v.

LANAM FOUNDRY CORPORATION,
RAVI BALLABHANENI, KRISHNAVENI
BODAVULA, DEHAI TAO, P.C., DEHAI
TAO AND JANE J. WANG,

      Defendant.
_____/

Case No. 2:25-cv- 11528

Hon. Brandy R. McMillion
United States District Judge

## OPINION AND ORDER DENYING DEFENDANT WANG'S MOTION TO DISMISS (ECF NO. 6)

Plaintiffs Jimisha Patel ("Jimisha"), Dharmeshkumar Patel ("Dharmeshkumar"), Rudra Patel ("Rudra"), Rajvi Patel ("Rajvi," collectively, "Plaintiffs") bring this civil action alleging claims of fraudulent misrepresentation, securities fraud, negligent misrepresentation, attorney malpractice, common law embezzlement, statutory embezzlement, and civil conspiracy. *See generally* ECF No. 1. They allege that Defendants Lanam Foundry Corporation ("Lanam Foundry"), Ravi Vallabhaneni ("Vallabhaneni"), Krishnaveni Bodavula, Dehai Tao, P.C., Dehai Tao ("Tao") and Jane J. Wang ("Wang," collectively "Defendants") defrauded them as Plaintiffs were attempting to immigrate to the United States from

India through the EB-5 Investor Visa Program. *Id*. Before the Court is Defendant Wang's Motion to Dismiss. ECF No. 6. The Motion has been adequately briefed so the Court will rule without a hearing. *See* ECF Nos. 9, 11; E.D. Mich. LR 7.1(f)(2). For the reasons below, the Court **DENIES** the Motion to Dismiss (ECF No. 6).

## I.

Plaintiffs Jimisha and Dharmeshkumar are Indian citizens and a married couple residing in Ahmedabad, Gujarat, India. ECF No. 1, PageID.3. In 2018, the couple began exploring the EB-5 Investor Visa Program, in hopes of relocating to the United States to be with their two children—Rudra and Rajvi who were already in the U.S. on student visas. *Id*. at PageID.3-4, 7-8. To do so, Dharmeshkumar's brother, Umang Patel ("Umang") began looking into the investment program, then discovered and attended an EB-5 Investor Visa convention. *Id*. at PageID.8. There, he met Vallabhaneni, the founder of Lanam Foundry, who was seeking foreign investment in the company. *Id*. at PageID.8. The Patels were interested. *Id*. at PageID.8-9.

While Dharmeshkumar and Jimisha did have some exchanges with Vallabhaneni via telephone calls and email, Umang acted as their agent and communicated primarily with Vallabhaneni. *Id*. at PageID.13-14. Nonetheless, none of them—Jimisha, Dharmeshkumar, or Umang, were familiar with the innerworkings of the visa program. *Id*. at PageID.14. Thus, they relied heavily on

Vallabhaneni for guidance. *Id*. After Vallabhaneni provided Plaintiffs with extensive details about the program, the best available investment options, and the likelihood of success in acquiring a visa, Plaintiffs decided to invest the required minimum of five hundred thousand dollars in Lanam Foundry to qualify for the visa program. *Id*. at PageID.10-15. For example, Vallabhaneni provided Plaintiffs with documents such as a business summary, copy of an Amendment to the Articles of Incorporation for Moser & Moser Associates, Inc. from the State of West Virginia, Lanam Foundry's certification as a "Targeted Employment Area," and more. *Id*. at PageID.15.

Vallabhaneni hired Defendants Dehai Tao, P.C., Tao and Wang to assist with the required forms—namely, the Form I-526. ECF No. 1, PageID.8-9, 18. Jimisha would be the primary applicant. *Id*. If successful, Jimisha and her family would be eligible for two-year conditional green cards if a minimum of 10 jobs were created through the investee company. *Id*. Applicants must provide the United States Citizenship and Immigration Services ("USCIS") with proof of satisfying the condition, after which, the conditions may be lifted through filing Form I-829. *Id*. at PageID.9-10. Although the attorneys were working on Jimisha and her family's application, they did not have much direct contact; instead, Vallabhaneni served as an intermediary. *Id*. at PageID.19. For instance, Vallabhaneni sent Jimisha and Dharmeshkumar a 4-page questionnaire from Dehai Tao, P.C. *Id*. at PageID.19.

Once completed, Jimisha sent it to Vallabhaneni, and he sent it to the attorneys. *Id*. at PageID.19. Upon receiving the necessary documentation, the attorneys assembled the I-526 application package, and drafted a cover letter, also known as a "Transmittal Letter," to USCIS. *Id*. at PageID.20. The Transmittal Letter included details such as a "source of funds" and "path of funds" analyses. *Id*.

After the application was submitted, Jimisha, Dharmeshkumar, and Umang regularly requested updates from Defendants, but to no avail. ECF No. 1, PageID.25. When they did receive responses, they were brief and lacked useful information. *Id*. Nor did Defendants provide any updates on how Jimisha's investment funds were being used, the status of the job creation at Lanam Foundry, or the potential success of her I-526 application. *Id*. at PageID.3-4, 20-25. In May 2022, Rudra visited a supposed Lanam Foundry location in West Virginia and observed that the building was vacant. *Id*. at PageID.26. In April 2023, Rudra and Umang met with Tao to discuss the status of the I-526 application, and he indicated that Vallabhaneni needed to provide proof that permanent jobs were created at Lanam Foundry so the application could be approved. *Id*. at PageID.26. Plaintiffs did not have any luck with acquiring this necessary information or documents from Vallabhaneni. *Id*. at PageID.27.

A few months thereafter, Plaintiffs attempted on several occasions to meet with Tao and Vallabhaneni, again, with no success. *Id*. at PageID.27. Eventually,

Vallabhaneni stopped answering or returning Rudra and Umang's calls. *Id*. at PageID.28. Additionally, at no point did Tao inform Plaintiffs about the flaws in the I-526 application. *Id.* at PageID.30. Instead, Tao and Wang made false statements about the application, such as in January 2024 when they told Plaintiffs that the application would be approved once Vallabhaneni provided proof of employment. *Id*. In fact, the Transmittal Letter the attorneys drafted was facially deficient, along with the entire I-526 package. *Id*. at PageID.20. On February 16, 2024, USCIS issued a Notice of Intent to Deny, then subsequently denied the application. *Id*. at PageID.3.

Defendant Wang now moves the Court to dismiss Plaintiffs' allegations against her as time barred. *See generally* ECF Nos. 6, 9. The Parties have adequately briefed the Motion so the Court will rule without a hearing. *See* ECF Nos. 6, 8, 9; E.D. Mich. LR 7.1(f)(2).

## II.

In reviewing a 12(b)(6) motion, the Court must "accept all of the complaint's factual allegations as true and determine whether these facts sufficiently state a plausible claim for relief." *Fouts v. Warren City Council*, 97 F.4th 459, 464 (6th Cir. 2024) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)). To satisfy facial plausibility, plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *16630 Southfield Ltd., P'ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 504 (6th Cir. 2013). Ultimately, the Court is deciding "whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true." *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993).

### III.

While "a motion under Rule 12(b)(6), which considers only the allegations in the complaint, is generally an inappropriate vehicle for dismissing a claim based upon the statute of limitations[,]" "dismissal is warranted if the allegations in the complaint affirmatively show that the claim is time-barred." *Jodway v. Orlans, PC*, 759 F. App'x 374, 379 (6th Cir. 2018) (internal citations and quotations omitted). "Because the statute of limitations is an affirmative defense, the burden is on the defendant to show that the statute of limitations has run." *Campbell v. Grand Trunk W. R.R. Co.*, 238 F.3d 772, 775 (6th Cir. 2001). "If the defendant meets this requirement, the plaintiff must then establish an exception to the statute of limitations in order to avoid dismissal." *Jodway*, 759 F. App'x at 379. Wang argues that Plaintiffs' legal malpractice and civil conspiracy claims are time-barred. *See*

*generally* ECF No. 6.  The Court finds that Defendant has not carried her burden in showing that the statute of limitations has run on either claim.[1]

### A.      Timeliness of Plaintiffs' Legal-Malpractice Claim

In Michigan,[2] a legal-malpractice claim is subject to a statute of repose and a statute of limitations.  Mich. Comp. Laws § 600.5838b.  Under the statute of limitations,

> a legal malpractice claim must be brought within two years of the date the claim accrues, or within six months after the plaintiff discovers or should have discovered the existence of the claim, whichever is later. A legal malpractice claim accrues when the lawyer stops serving the plaintiff in a professional capacity on the matter giving rise to the claim. A lawyer discontinues serving a client ... upon completion of a specific legal service that the lawyer was retained to perform.

*Iafrate v. Warner Norcross & Judd, LLP*, No. 18-CV-12028, 2023 WL 4157277, at *11 (E.D. Mich. June 23, 2023) (cleaned up), *appeal dismissed sub nom. Iafrate as*

---

[1] The Court agrees with Plaintiffs that Wang has not argued that the Complaint is deficient in its allegations as to the elements of the relevant claims at issue.  *See* ECF No. 8, PageID.157.  Rather, Wang only seeks dismissal based on the statute of repose barring suit.  *See* ECF No. 6, PageID.100-110.  So the Court will limit its analysis solely to the issue of the timeliness of Plaintiff's attorney malpractice and conspiracy claims.

[2] Michigan law applies.  *See Krause v. Stroh Brewery Co.*, 240 F. Supp. 2d 632, 635 (E.D. Mich. 2002) (citing to *Sutherland v. Kennington Truck Serv., Ltd.*, 454 Mich. 274, 562 N.W.2d 466, 471 (1997)) (finding that "[f]or tort claims, Michigan presumes that the law of the forum state applies, unless there is a rational reason to apply another state's law."); *see also Sizzling Black Rock Steak House Franchising, Inc. v. Harold L. Kestenbaum, PC*, No. 21-CV-11621, 2024 WL 3442417 (E.D. Mich. July 17, 2024) (finding Michigan law applied to legal malpractice claims).

*trustee of John Iafrate Irrevocable Tr. u/a/d 1/1/1988 v. Warner Norcross & Judd, LLP*, No. 23-1657, 2024 WL 3465124 (6th Cir. Feb. 2, 2024). However,

> [u]nder the statute of repose, an action for legal malpractice must be commenced within six years of the act or omission giving rise to the claim or before the expiration of the period of limitations in Mich. Comp. Laws 600.5805, whichever period is earlier. Mich. Comp. Laws 600.5838b(1). Ministerial or minor follow-up acts after discontinuation of representation will not work to extend the period of representation and create a new date of accrual. *Bauer v. Ferriby & Houston, P.C.*, 235 Mich. App. 536, 539 (1999) (concluding that "the proper inquiry is whether the new activity occurs pursuant to a current, as opposed to a former, attorney-client relationship.")

*Iafrate*, 2023 WL 4157277 at *11.

Wang argues that Plaintiffs are specifically outside the window of the statute of repose because "[t]he I-526 form—the key component of the EB-5 visa program" which is the core of the Patels' malpractice claim was completed and filed by October 2018. Therefore, the acts or omissions in ***filing*** the I-526 form is what starts the clock on the limitations period. *See* ECF No. 6, PageID.104-105. And because that happened in 2018, the six-year limitation period expired in October 2024, and this suit was not filed until May 2025. *Id.*

Plaintiffs, in relying on *Marks v. Schafer & Weiner, PLLC*, No. 20-11059, 2021 WL 1056774, at *10 (E.D. Mich. Mar. 19, 2021), counter that their malpractice claim is timely because it was filed "within six years of at least one act or omission that is the basis of [their] claim." ECF No. 8, PageID.161. They assert that the

Complaint "clearly alleges multiple acts or omissions that took place after" the filing of the I-526 form, and therefore, "fell within the statute of repose, and were a part of the ongoing representation as well as continued instances of the malpractice alleged." *Id.* at PageID.162. The Court agrees.

Plaintiff has adequately alleged that their relationship with Wang did not end in October 2018 as she purports. ECF No. 1, PageID.30-31. For example, Plaintiffs assert, "[a]s recently as January 2024, Mr. Tao or Ms. Wang advised that to obtain approval we simply needed Mr. Vallabhaneni to provide proof of employment." ECF No. 8, PageID.168. If the Court accepts this as true—which it does at this stage of the litigation—Plaintiffs are within the limitations period for the statute of repose.

Like in *Marks*, Wang "attempt[s] to marginalize work performed after [October 2018] by claiming, without citing caselaw, that [t]he statute of repose accrual date is not the date on which the professional engagement ends as is the case with the accrual of the statute of limitations; [r]ather, the accrual date is the date of the alleged malpractice." *Marks*, 2021 WL 1056774, at *9 (internal quotations and citations omitted). In fact, in the case law Wang does provide, she admits it "does not expressly state that the end of the professional relationship triggers the statute of repose[.]" ECF No. 6, PageID.102-103. Therefore, the Court is not persuaded that it should establish a bright-line rule that the statute of repose bars any actions after the attorneys submitted the I-526 application. Plaintiffs have adequately alleged

harm by Wang well within the six-year requirement under the statute of repose, and therefore the Court finds the legal malpractice claims timely.

**B.      Timeliness of Plaintiffs' Conspiracy Claim**

Under Michigan law, "[a] civil conspiracy claim is subject to the limitations period that governs the underlying theory of liability." *Mekani v. Homecomings Fin., LLC*, 752 F. Supp. 2d 785, 790 n.2 (E.D. Mich. 2010); *see also Terlecki v. Stewart*, 754 N.W.2d 899, 906 (Mich. Ct. App. 2008) (internal citation omitted) ("[A]n allegation of conspiracy is 'superfluous' as far as determining the applicable statute of limitations. [. . .] It follows that the conspiracy claim takes on the limitations period for the underlying wrong that was the object of the conspiracy.").

Here, that underlying claim is fraud. *See* ECF No. 1, PageID.54-58. Under M.C.L. § 600.5827, the statute of limitations on a claim for fraud is six years and the claim accrues at the time the wrong is done, rather than discovered. *See Boyle v. General Motors Corp.*, 661 N.W.2d 557, 560 (Mich. 2003). According to Wang, the Court should dismiss Plaintiffs' conspiracy claim because the alleged wrongs—representations that Defendants would support Plaintiffs' EB-5 application—occurred in 2018. ECF No. 6, PageID.106-107. Plaintiffs protest that Defendant Wang again reduces the wrongdoing to 2018, when in reality, Plaintiffs allege Wang defrauded them as recently as less than two years ago. *See* ECF No. 8, PageID.166-

169. Plaintiffs offer several examples for why this is the case, including, but not limited to, the following alleged false statements:

- "That, provided that Mr. Vallabhaneni gave proof that ten (10) new employees were hired as a result of [Jimisha]'s investment, the I-526 should be approved."
- "As recently as January 2024, Mr. Tao or Ms. Wang advised that to obtain approval we simply needed Mr. Vallabhaneni to provide proof of employment."
- "That the supporting documents for the I-526 were sufficient to prove that the funds invested were traceable to lawful sources, that Lanam was likely to employ an additional ten (10) employees as a result of [Jimisha]'s investment, that a business plan was attached to the I-526, and that the I-526 with its attachments and exhibits provided sufficient evidence to obtain conditional green cards for Plaintiffs."
- "That Mr. Tao and Ms. Wang were qualified and competent to represent Plaintiffs with respect to an EB-5 Visa petition."

ECF No. 1, PageID.30-31. The Court finds each of these allegations are more than enough to preserve Plaintiffs' fraud claims, and their claim for civil conspiracy, by extension. Therefore, Wang's Motion to Dismiss is denied as to the conspiracy claim as well.[3]

---

[3] Wang further argues in her Motion to Dismiss that Michigan's fraudulent-concealment statute—an exception to the statute of limitations—does not save the Plaintiffs' claims. Given that the Court has held Plaintiffs' claims are timely, the Court need not address whether the exception applies. *See* ECF No. 6, PageID.107-110.

## IV.

Accordingly, because the Court finds that Plaintiffs' legal malpractice and civil conspiracy claims are timely, Wang's Motion to Dismiss (ECF No. 6) is **DENIED**.

**IT IS HEREBY ORDERED** that Defendant Wang shall file an Answer to Plaintiffs' Complaint on or before **November 26, 2025**.

**IT IS SO ORDERED.**

Dated:  November 5, 2025           /s/ Brandy R. McMillion  
     Detroit, Michigan             Hon. Brandy R. McMillion  
                                            United States District Judge